v. Karen Bergeron Thank you. May it please the Court, I'm Stuart Graham, counsel for the appellant petitioner Sean Jenkins. I would request you for three minutes of my time. Three? Yes. Could you speak into the microphone more? Yes, I'm sorry. Thank you. This is Mr. Jenkins' appeal from the denial of his writ for certiorari by the district court. He was convicted of murder in the Massachusetts State Court and that was affirmed by the Supreme Judicial Court. The issues before this court are two. First, whether any attorney can affect a waiver of defendant's right to testify by refusing to call him as a witness. Secondly, is such a denial of the right to testify structural error or reviewed under a harmlessness standard? I thought the record here, left unresolved, the record created on the new trial motion in the State Superior Court, left unresolved actually the question of why the defendant did not testify. It takes something more than the lawyer saying, well, I informed him he had the right to testify and in the end I made the decision. There are a lot of missing pieces in that equation. And so on whom does the burden fall? Does it fall on the state or on the defendant? I understand the essence of your argument to be that the state court, putting aside the question of whether they actually reached the issue, that the state court put the burden on the defendant to make up for those gaps in the record and show that he truly did not voluntarily waive his right to get on the witness stand. And you say the federal rule is that the burden is on the government. Am I correct? You're correct, Your Honor. Okay. So why should the burden not be on the defendant? I don't think the Supreme Court has actually decided this question. Maybe you do, and if so, you'll tell us why. Yes, the Supreme Court has decided the question. In which case? The last decision would be Carney v. Cochran, where courts specifically said. Excuse me, was that a right to testify case? I'm sorry? Was that a right to testify case? No, it was not. Has the Supreme Court decided? Let me rephrase Judge Lynch's question. Has the Supreme Court decided the question in a right to testify case? No. The Supreme Court has some general rules about waiver in cases like Zurbstan and the case that you just cited, but they've never decided the question of who's got the burden of proving waiver in a right to testify case. The Supreme Court initially decided the issue of waiver in Johnson v. Zurbstan's right to counsel. They have, case after case, repeated that same standard, saying it applies to every fundamental constitutional right. In case after case, they take that same standard, they apply it to speedy trial rights, choice of counsel rights, right to counsel. The court has never said you have to have the rule apply to every specific factual situation that can ever be imagined in order for you to have a general rule. This is a general rule for waiver, which the court has repeatedly said applies to all fundamental constitutional rights. In Rock v. Arkansas, the court held the right to testify is a fundamental constitutional right. In Cochran, to go back to your question, Judge Lynch, the court said, in fact, limiting some language in ZURPS, saying that the burden is on the state, except in those cases where there's affirmative evidence on the record that the defendant acquiesced in the waiver. Absent that affirmative evidence on the record, the burden is on the state to prove the waiver valid. In this case- Have you read Judge Wood's decision for the Seventh Circuit on this question? I'm not sure what case that is, Your Honor. I've got it in here somewhere. I would say probably not. I don't recognize that name. Well, it's too bad because it's a direct refutation of your argument and says that the states, in fact, have a lot of leeway on who has the burden, and they've adopted different procedural rules. In fact, different federal courts have different rules about what it takes to trigger the shift to the state, and that the Supreme Court has never adopted a particular rule. Well, with due respect to Judge Wood, I think he's just quite wrong. She. And currently, in Cochran, the court specifically said when that shifts, it shifts to the defendant when there is affirmative record evidence of acquiescence. Absent that, it remains on the state. The court has decided that. And the fact that the lower federal courts apply, like in this case, the demand waiver rule, doesn't unestablish the rights that the Supreme Court has established. It is the Supreme Court's law that governs on the habeas case, not the lower federal courts. And when you have a lower federal court decision that is directly contrary to what the Supreme Court has explicitly held, that court decision simply is not correct. Mr. Graham, you'll agree, will you not, that this is a question of line drawing. You're articulating a rule that the Supreme Court has stated at a fairly high level of generality. You want us to apply it in a context and to a right that the Supreme Court has never applied it in. There are cases which deal with when you can draw that kind of analogy in the fairly restrictive environment of habeas. What's the best case that you have that says that you can make the type of as a rule of constitutional law, a clearly established rule of constitutional law that should have been binding on the SJC, a decision made in a different context? I think to look at the decision in Williams, Terry Williams, where the court said the mere fact that a general rule must be applied in varying factual situations, various things, does not mean it's not clearly established. But the court there was talking about a similar context, and they were saying if we found the due process violation or we found the Fourth Amendment violation on X facts, that doesn't mean it doesn't apply to X plus 1 or X minus 1. You want us to do something different than the court was discussing in Williams. You want us to say the fact that the Supreme Court has articulated a constitutional rule on a level of generality in a completely different context clearly establishes the law in a variety of other contexts to a sufficient extent that it should bind state courts everywhere. Well, I think we – I'm asking if Williams is the best case you have for that proposition, that's fine. I just want to give you a chance to direct that because your brief contains no helpful authority in that regard. Well, again, the fact that it hasn't said in a right-to-testify case that its general standard for waiver of fundamental constitutional right applies doesn't mean that that general standard doesn't apply. It is the general standard. The court has applied it in every case that has come before it on the fundamental constitutional right involving criminal defendants in criminal trials. You can't get a context, I think, more specific than that. This is not taking something from a civil context and trying to apply it somewhere else. These are all cases of criminal trials where fundamental constitutional rights are involved and where the decision of whether to exercise or forego that constitutional right depends upon the assertion or choice of the defendant. May I ask – In every one of those cases, the court has applied the standard. In fact, the court has said specifically that the general standard applies to those cases of – to those rights that are provided to protect and preserve a fair trial for a criminal defendant. May I ask what your understanding is of the Massachusetts rule? Well, the court stated the Massachusetts rule in this case saying the burden of – Articulate it for me, please. I'm sorry? Please articulate it. You're saying that rule is unconstitutional. What is the rule? The rule the Supreme Court announced or the SJC said specifically that in cases of failure to testify or waiver of a right to testify, the burden of proof is on the defendant to prove the waiver invalid. That's what it held in this case, referring to existing Massachusetts law. I thought there were a few sentences before that setting it in context. Am I wrong? I can't picture it right now, but I think perhaps you're referring to a situation where – was interfered with or prevented from. No, counsel has advised the defendant of his right not to testify. He has not testified. In that context, the burden is on the defendant who has been advised of his rights. Wasn't the rule something closer to that? Closer to that, but that's exactly what I'm saying. In this case, they place that burden on the defendant, which they can't do. That is contrary to Supreme Court law. The Supreme Court has said unless there's affirmative evidence on the record of acquiescence in the waiver of the right, the burden is upon the state to prove that there was a valid waiver. That's what the Supreme Court said. That's contrary to what the SJC said in this case. So the burden is on the state, not on the defendant. And in this case, we have – if you want to put a burden of any kind on the defendant, it is the burden of going forward with the evidence, which he did here. He provided his affidavit. He provided the affidavit of defense counsel where defense counsel said we discussed this. He wanted to testify. I didn't want him to testify. I made the decision not to call him as a witness. He's gone forward. He's made that proffer. That places the burden on the state now to come in and prove the contrary. So are you arguing both contrary to and an unreasonable application? I generally do because it covers both bases. Both. Okay. Sorry, thank you. Good morning. May it please the Court. My name is Thomas Boshin. I represent the respondent, Karen Bergeron. I'll begin with Judge Lynch's question about Judge Wood's decision from the Seventh Circuit. Not only does the respondent think that that case is on point on the law, but it's also quite on point on the facts there. The habeas applicant claimed that he had told his attorney that he wanted to testify, but he was prevented from testifying. The Illinois Appellate Court rejected that. That was in a post-conviction proceeding. The Illinois Appellate Court rejected that as a basis for relief, noting that he hadn't alerted the trial court to his desire to testify. And the Seventh Circuit, after summarizing the diverse views of the courts from around the nation, state, and federal, said that there was no clearly established Supreme Court law making the Illinois Intermediate Appellate Court's decision either contrary to or an unreasonable application of anything that the Supreme Court has said. That's the approach that Judge Gorton took in resolving the matter here, and it's the swiftest and most appropriate manner of resolving the issue in this court as well. In terms of a second reason to affirm, that is that the SJC's decision was entirely consistent with what the Sixth Circuit characterized as the majority position among federal courts of appeal in the Weber case. Weber is consistent with this court's decision in Siciliano v. Bowes, but offers a more in-depth or a longer explanation of the requirement that a petitioner or a criminal defendant signal his desire to testify to the trial court. And the Sixth Circuit explained, just as this court did, that the reason for that rule is that if a judge conducts a colloquy or if there's any kind of inquiry about whether the petitioner wants to testify, then there is a very real risk of either the judge or whoever's making the inquiry putting his thumb on the scale of whether the petitioner will keep his Fifth Amendment right not to testify or, conversely, exercise the right to testify because he thinks the judge thinks it's a good idea. So the Sixth Circuit explained that the reason for the rule that the petitioner, where there's evidence that he's aware of the right, should signal his desire to exercise it is to avoid that situation or at least be sensitive to the risks that that situation might entail. How in practice does this work out in the Superior Court, the trial court of the Commonwealth? Are there procedural rules that an inquiry should be made at a certain point, or is this just sort of a discretionary determination by the trial judge? I'm not aware of any rule imposed by the SJC or the State Appeals Court requiring there to be an inquiry. That would be consistent with the Sixth Circuit's position. But at the same time, I can't say that the SJC has said not to conduct an inquiry. I just think that the – I'm not aware of a case where the question – Well, here, in fact, the trial justice did conduct an inquiry, didn't he? That's exactly right. So that this defendant learned of his right to testify not only by conversing with his attorney, which is what we hope and expect occurs in every case, but because the court explicitly advised him of it and of his corollary right not to testify. That's exactly right. And that actually sets this case on even more favorable footing to the petitioner than the Weber case. In the Weber case, the defense lawyers – the Sixth Circuit case that I keep referring to – the defense lawyer at the beginning of the trial told the judge that the defendant was going to testify in order to lay the foundation for an entrapment defense. As the trial went on, the defense lawyer realized that that probably wasn't a good idea and called a few different witnesses and then signaled to the trial court that he was not going to call the defendant. In open court, the defendant heard it. The defendant never voiced any concern about that. There was no colloquy like here. There was nothing more than that. And still the Sixth Circuit in that case said that there was no violation of the right to testify. And the final point that I would make is that this court doesn't need to resolve the harmlessness burden argument that the parties have made because this isn't a closed case. The State Superior Court judge, who was also the trial judge, referred to it as an overwhelming evidence case. The SJC referred to the evidence as strong and in similar ways. It wasn't a thin evidence case. The witnesses were corroborating each other. And it also wasn't a case where the petitioner, at least in his affidavit, claimed that he was going to come forward and say, I didn't do this. In his affidavit, what he says is that he wants to refute Craig's testimony. He says that he wants to potentially offer some testimony that could lay the groundwork for a third-party culprit defense. And he also said that only he could explain how he felt in the face of the accusations. Perhaps that meant he felt that he was innocent, but he doesn't in his affidavit come right out and say that. And thin evidence cases and cases where the defendant is going to testify that he is actually innocent are the two circumstances where in most of the cases courts have been concerned about a harmlessness analysis in this context. Unless the court has other questions, the respondent will rest and debrief. Thank you. Thank you. With the characterization of the Seventh Circuit case that you were talking about by counsel, I assume that that case applied. The counsel said the court here applied that as a demand waiver rule. That is, defendant knows of his right to testify, but does not make a demand of the trial court to testify, then it's presumed that he has waived it. Now, the Supreme Court has held in Barker v. Wingo that, regarding a demand waiver rule in a speedy trial context, quote, such an approach of presuming waiver of a fundamental right for an inaction is inconsistent with this court's pronouncement on waiver of constitutional rights. That is, the court has specifically rejected a demand waiver rule regarding waiver of a fundamental constitutional right. And I would note here that although this was a speedy trial situation in the courtroom, speedy trial right situation, or right to counsel cases, or any other specific, it said, presuming waiver of a fundamental right in Arkansas, or I'm sorry, Rocky, Arkansas, the court said, the right to testify is a fundamental right of the defendant. Thus, the Supreme Court has directly held a demand waiver rule applying to a court's pronouncements on waiver. Now, whether the Seventh Circuit held to the contrary is irrelevant because it can't overrule the Supreme Court. It is the Supreme Court's jurisprudence that controls in a habeas case, not the lower courts. And a number of lower courts have applied a demand waiver rule, notwithstanding the fact that the Supreme Court said you can't with regard to a fundamental constitutional right. Now, I think although the judge in this case did not inquire, but did explain the defendant's right to testify, as trial judges generally do in Massachusetts. That's not the issue. There never was an issue of whether this defendant knew he had the right to testify. The court told him that. His counsel told him that. The problem here is he was prevented from exercising that constitutional choice. And he was prevented because counsel made the unilateral decision that he was not going to call him as a witness. There cannot be a voluntary waiver, an intentional relinquishment of a known right, if you're prevented from exercising that choice. And that general test for waiver has been the law in the Supreme Court pretty much for 80 years. There probably is nothing more clearly established than what the test for a waiver of a constitutional right is. Thank you. Thank you.